**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
623 W. Hays Street
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email: eric@jonesandswartzlaw.com

**Steven L. Woodrow***
**Patrick H. Peluso***
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone:  (720) 213-0676

Email:  swoodrow@woodrowpeluso.com
        ppeluso@woodrowpeluso.com

*pro hac vice* admission to be filed

Counsel for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC, a Delaware limited liability company,<br><br>            Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Gloria Mitchell ("Plaintiff" or "Mitchell") brings this class action complaint against Defendant WinCo Foods, LLC ("Defendant" or "WinCo") to obtain redress for, and to put an end to, Defendant's violations of the Fair Credit Reporting Act, ("FCRA" or "Act"), specifically its failure to provide proper notices and disclosures to its job applicants and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – 1

employees. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly acts to protect both applicants for employment and existing employees from adverse employment action taken as a result of potentially inaccurate or immaterial information. To that end, employers who obtain and use consumer reports regarding their applicants and employees are required to provide: (1) express disclosures prior to obtaining consumer reports in the first place, and (2) copies of the reports obtained and a summary of rights under the Act *prior* to taking any adverse employment action against them based on information contained in such reports.

2. Here, Defendant willfully violates the FCRA by: (1) failing to provide a standalone up-front notice that Defendant may procure consumer reports about its applicants and employees, and (2) failing to provide its applicants and employees copies of such reports and the required summaries of their FCRA rights before taking adverse action against them.

3. First, on information and belief, Defendant fails to provide its applicants or employees with a standalone disclosure that indicates Defendant may obtain a consumer report about them for employment purposes. Section 1681b(b)(2) of the Act establishes that such notice must be made "in a document that consists solely of the disclosure." Here, Defendant provides a disclosure that contains unnecessary and extraneous information and therefore fails to standalone. That is, on information and belief, the disclosure and authorization are combined with unrelated information. This violates Section 1681b(b)(2)(A)(i) of the FCRA, which

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – 2

unambiguously states that the disclosure must be made "in a document that consists solely of the disclosure."

4.  Defendant has also willfully violated the FCRA by procuring background checks and consumer reports about its job applicants and employees without providing such applicants and employees with copies of the reports and a summary of their FCRA rights before taking adverse action against them. Instead, Defendant takes adverse action against applicants and employees based on the consumer reports it obtains about them—including firing its employees—before providing the applicant or employee with any mandated "pre-adverse action" notice, copy of the report, or summary of rights as required under the FCRA. Indeed, Defendant does not provide any pre-adverse action notice at all and fails to provide employees with any copies of the reports and/or summary of rights before taking adverse action against them, such as deciding not to hire the applicant (or to fire the employee). As such, Defendant serially violates the FCRA.

5.  As a result of Defendant's willful violations of the FCRA, employees and applicants such as Plaintiff Mitchell are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

6.  Plaintiff Gloria Mitchell is a natural person and citizen of the State of Texas. She resides in Highland Village, Texas.

7.  Defendant WinCo Foods, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 650 North Armstrong Place, Boise, Idaho 83704.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* because the classes each consist of over 100 people, at least one member of each class is from a State other than Idaho (the state of Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

9. This Court has personal jurisdiction over Defendant because it conducts business in this District, is headquartered and registered to do business in this District, and the unlawful conduct alleged in the Complaint emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is headquartered in this District, and Plaintiff's claims arose in substantial part out of corporate actions and policies that were decided upon within this District and which have emanated from this District.

## FACTS COMMON TO PLAINTIFF AND ALL COUNTS

11. WinCo is a privately-held supermarket chain based in Boise, Idaho.

12. WinCo was founded in 1967 and now has over 100 store locations in Idaho, Arizona, California, Nevada, Oregon, Texas, Utah, and Washington. WinCo also operates at least 5 distribution centers throughout the United States.

13. WinCo has over 15,000 employees.

14. In or around April 2015, Plaintiff Mitchell applied for a job with WinCo using WinCo's online application.

15. Shortly after applying, Plaintiff was hired by WinCo as a deli clerk at WinCo's Lewisville, Texas store. This job was not one regulated by the Department of Transportation.

16. Plaintiff worked for several months with WinCo.

17. However, on October 23, 2015, Plaintiff arrived for work as scheduled only to be told by the store manager, Kathy Johnson, not to clock in and instead to report to Ms. Johnson's office.

18. There, Plaintiff was informed that she was fired because of information WinCo learned through a background check obtained about her.

19. Plaintiff was not provided any pre-adverse action notice and was not provided a copy of the consumer report/background check or a summary of her FCRA rights before being told she was fired.

20. In fact, Plaintiff **never** received such documents.

21. Two or three days after being fired, Plaintiff returned to the store to request a copy of the report (which she was legally-entitled to receive prior to being fired). Acting as if the FCRA does not exist, Plaintiff was told that "[WinCo] can't give you that by law."

22. Simply put, WinCo skipped the pre-adverse action step entirely and failed to send Mitchell a copy of her consumer report and a summary of FCRA rights prior to taking adverse action against her.

23. As the FTC has made clear, applicants and employees are supposed to have the opportunity to review the background check/consumer report and discuss it with their prospective employer <u>before</u> losing out on a job because of information contained in the report. The FTC has ruled that in general an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together

with a copy of the report and a summary of the applicant/employees' FCRA rights—before actually taking the adverse action. This notice advises the applicant or employee of their ability to discuss the report with their employer. (*See, e.g.*, FTC Advisory Opinion to Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-weisberg-06-27-97.)

24. Moreover, on information and belief, Plaintiff was presented with an FCRA disclosure and authorization form during the hiring process that was combined with extraneous information.

25. Because of the unlawful disclosure provided to applicants and employees including Plaintiff, as well as Defendant's failure to send pre-adverse action notices along with a copy of the consumer report and a summary of FCRA rights, Defendant has willfully denied Plaintiff the rights guaranteed to her by the FCRA. Such violations entitle her, and others similarly situated, to statutory damages of not less than $100 and not more than $1,000 for each violation.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two nationwide Classes defined as follows:

> **Disclosure Class**: All persons in the United States (1) who applied for employment with Defendant on or after February 16, 2014, (2) about whom Defendant procured a consumer report, and (3) who were provided the same disclosure and authorization regarding the possibility that a consumer report may be procured about them as the disclosure WinCo provided to Plaintiff.
>
> **Pre-Adverse Action Class**: All persons in the United States who (1) were subject to adverse employment action on or after February 16, 2014 based in whole or in part on any consumer report procured by Defendant; and (2) who, like Plaintiff, did not receive a copy of the report Defendant procured and a summary of rights before Defendant took adverse action against them.

Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

27.     **Numerosity**: The exact number of the members of the Classes is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has thousands of employees and a potentially even greater number of job applicants. Further, the Class members can readily be ascertained through Defendant's records.

28.     **Commonality**: Common questions of law and fact exist as to all members of the Classes for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a)     Whether Defendant's conduct described herein violated the FCRA;

(b)     Whether Defendant has procured or caused to be procured consumer reports to investigate prospective employees;

(c)     Whether Defendant's disclosure violates the FCRA's requirement that the pre-report disclosure "stand alone";

(d)     Whether Defendant has acted willfully;

(e)     Whether Defendant has failed to provide a pre-adverse action notice, copy of the consumer report, and a summary of FCRA rights to applicants and employees prior to

taking adverse action and, if so, whether such policies and procedures violate the FCRA; and

(f)     The proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

29.     **Typicality**: As a result of Defendant's uniform disclosures and conduct, Plaintiff and the Class members suffered the same injury and similar damages. Thus, Plaintiff's claims are typical of the claims of the other Class members.

30.     **Adequate Representation**: Plaintiff is a member of the Classes and both she and her counsel will fairly and adequately represent and protect the interests of the Classes, as neither has interests adverse to those of the Class members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

31.     **Injunctive and Declaratory Relief**: In using uniform disclosures that violate the FCRA and by uniformly failing to provide proper pre-adverse action notices as required, Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes so as to render injunctive and declaratory relief appropriate. Stated differently, Defendant's uniform conduct requires the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, thus making final injunctive and/or declaratory relief appropriate with respect to the Classes as respective wholes. Further, because Defendant's uniform practices result in similar, if not identical, injuries for all Class members,

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff.

32. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class member's situation, the answer to whether Defendant's pre-report disclosure and failure to provide pre-adverse action notices are unlawful is the same for everyone— "yesses" on both questions—and they will be proven using common evidence.

33. **Superiority and Manageability**: A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class members from obtaining effective relief for Defendant's misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class members.

34. Plaintiff reserves the right to revise the definition of the Classes as necessary based upon information obtained in discovery.

**COUNT I**
**Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)**
**(On Behalf of Plaintiff and the Disclosure Class)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. The FCRA declares that:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely of the disclosure</u>, that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

37. The FCRA defines a consumer report as:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1). Defendant's background checks are consumer reports.

38. On information and belief, the pre-report disclosure that Defendant provided to Plaintiff and the putative Disclosure Class members as part of the application process willfully violated the FCRA by not being clear and conspicuous and by including extraneous information such that the disclosure cannot be said to "stand alone."

39. Only Defendant has a copy of the disclosure at this time. Plaintiff does not believe she was ever provided a copy of the disclosure and (at the very least) it is no longer in her possession.

40. Defendant procured consumer reports with respect to Plaintiff and the Disclosure Class members. The disclosure provided to Plaintiff was the same or substantially the same as the one provided to all Disclosure Class members. Thus, Defendant uniformly violated the rights of all Class members in the same way by including extraneous information in the disclosure.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL – 10

41. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

   (i) The rule that FRCA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

   (ii) Defendant is a large corporation who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

   (iii) Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means Defendant either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

42. Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

43. Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

### COUNT II
### Violation of 15 U.S.C. § 1681b(b)(3)
### (On Behalf of Plaintiff and the Pre-Adverse Action Class)

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i)     a copy of the report; and
(ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

46. The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

47. Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Pre-Adverse Action Class with a copy of their consumer reports and/or summaries of their rights under the FCRA before taking adverse employment action against them. Instead, Defendant fails to send such reports and summaries at all. Not only is WinCo not prohibited from providing such documents, contrary to its statements to Mitchell, it is required to do so by the FCRA.

48. Defendant obtained a consumer report about Plaintiff for employment purposes. Based in whole or in part on information contained within Plaintiff's consumer report, Defendant terminated Plaintiff—an adverse employment action.

49. In contravention of the FCRA, Defendant willfully failed to provide Plaintiff with her consumer report/background check and the required written summary of her FCRA rights before taking such adverse action. In doing so, Defendant failed to provide an opportunity to dispute or discuss any information prior to the decision to fire her.

50. Defendant's violations of 15 U.S.C. § 1681b(b)(3)(A) were willful. The rule that a copy of the report relied upon and a summary of FCRA rights must be sent to a person against whom an employer intends to take adverse action before such adverse action is taken is well established. Defendant is a large and sophisticated corporation that has retained lawyers on staff and regularly engages counsel—it has ample means and opportunity to seek legal advice regarding their FCRA responsibilities. Further, there is a glut of judicial and administrative guidance—dating back to the 1990's—regarding a corporation's FCRA responsibilities. As a consequence of such readily available guidance, Defendant either were aware of its responsibilities or should have been aware of its responsibilities but violated the FCRA anyway.

51. Plaintiff and the Pre-Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

52. Accordingly, under the FCRA, Plaintiff and the Pre-Adverse Action Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gloria Mitchell, individually and on behalf of the Classes, respectfully requests that this Court issue an order of judgment:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Gloria Mitchell as class representative and appointing her counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C. Declaring that Defendant's practice of not providing a copy of the consumer report relied upon and a summary of FCRA rights constitutes a violation of the FCRA;

D. Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, *inter alia*: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful actions described herein; and (ii) requiring Defendant to provide proper disclosures, notices, and summaries under federal law;

F. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes pre- and post- judgment interest, to the extent allowable;

H. Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Classes; and

I. Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

DATED this 18th day of February, 2016.

          JONES & SWARTZ PLLC

          By  *Eric B. Swartz*
            ERIC B. SWARTZ

            STEVEN L. WOODROW*
            PATRICK H. PELUSO*
            WOODROW & PELUSO, LLC

            *pro hac vice* admission to be filed

            *Counsel for Plaintiffs*