UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA MITCHELL,<br><br>            Plaintiff,<br><br>   v.<br><br>WINCO FOODS, LLC,<br><br>            Defendant. | Case No. 1:16-cv-00076-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions to dismiss (Dkts. 12 and 20). One motion relates to Article III standing, and the other is a Rule 12 *Iqbal/Twombly* motion. The Court heard oral argument on the motions on October 18, 2016, and now issues the following decision.

## BACKGROUND

Mitchell applied for a job at Winco in April 2015 using Winco's online application. The online application provided her with an FCRA disclosure informing her that WinCo would conduct a background check in connection with her application for employment.

Mitchell alleges that she was presented another from entitled "Authorization for Background Check" at the same time she reviewed the disclosure. She was subsequently hired by Winco, but she alleges, on behalf of herself and a class, that the disclosure

**MEMORANDUM DECISION AND ORDER - 1**

violated the FCRA because Winco failed to provide a "stand-alone" disclosure regarding the background check.

## ANALYSIS

### I. Article III Standing

The Supreme Court recently addressed standing in an FCRA case similar to this one. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). The Supreme Court reiterated the long-held standard that a plaintiff invoking federal jurisdiction must establish: (1) an injury in fact; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision. *Id.* at 1547. Winco argues that Mitchell has not established the first element – an injury in fact.

The injury in fact element requires a plaintiff to show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548. For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Id.* To be concrete, an injury must be "de facto" – that is, it must be real; it must actually exist. *Id.* But intangible injuries can be concrete. *Id.* at 1549. However, a bare procedural violation of something like the FCRA does not satisfy the "concrete" element for Article III standing because a violation of the FCRA's procedural requirements may result in no harm. *Id.* at 1550. The real question here is whether Mitchell has alleged a "concrete" injury.

Mitchell suggests she has met her burden by alleging that Winco provided her with an FCRA disclosure and authorization at approximately the same time, and that the

**MEMORANDUM DECISION AND ORDER - 2**

disclosure contains extraneous information in violation the Act's requirement that the disclosure be essentially a stand-alone disclosure pursuant to 15 U.S.C. § 1681b. Mitchell suggests that failing to provide her with the stand-alone disclosure was a concrete harm because it caused her "informational harm" and "invaded her privacy." But there is no allegation that Mitchell was harmed in any other way, such as Winco obtaining or distributing false information about her. And she received the very job she applied for at Winco.

Two district courts have addressed standing in an FCRA case following the decision in *Spokeo* with mixed results. In the first, the Southern District of Ohio recently addressed a case with almost identical facts to this one. *Smith v. Ohio State University*, 191 F.Supp.3d 750 (S.D.Ohio 2016). In that case, the plaintiffs applied to work at Ohio State University and were hired. They alleged that OSU violated the FCRA when it provided a disclosure and authorization to them which improperly included extraneous information during the hiring process. In a somewhat conclusory finding, the district court relied heavily upon plaintiffs' admission that they did not suffer a concrete consequential damage as a result of OSU's alleged breach of the FCRA. *Id.* at *4. Thus, the court concluded there was no concrete and particularized injury in fact, and therefore no Article III standing. *Id*.

In the second, *Thomas v. FTS USA, LLC*, 193 F.Supp.3d 623 (E.D.Va. 2016), the court addressed the issue with a more extensive factual record, and provided a much more detailed analysis of Article III standing in an FCRA case. In *Thomas*, an applicant for employment sued the prospective employer for violating the FCRA by (1) not

**MEMORANDUM DECISION AND ORDER - 3**

providing a disclosure and written consent before obtaining the applicant's consumer report for employment purposes under 15 U.S.C. § 1681b(b)(2), and (2) by taking adverse employment action based on his consumer report before he received a copy of the consumer report and summary of rights under the FCRA at 15 U.S.C. § 1681b(b)(3). The court found that the plaintiff had standing.

Although counsel and the Court focused a great deal of attention on these two cases during oral argument, neither case is controlling, and neither case is similar enough to the facts of this case to be persuasive. *Ohio State* is conclusory and lacks any real substantive analysis of the standing issue. *Thomas* contains an in depth analysis of the standing issue (much of which this Court agrees with), but the facts of that case are different enough from this case to warrant a different result. For example, only section 1681b(b)(2) is at issue in this case – section 1681b(b)(3) adverse action allegations are not at issue here as they were in *Thomas*.

Turning to the concrete injury analysis here, *Spokeo* requires district courts to look to the common law and to the judgment of Congress, as reflected in the FCRA, to determine whether alleged violations of the statute constitute concrete injuries. Thus, the Court must first review the statutory text of the FCRA to determine the substantive protections that Congress intended to create when it enacted section 1681b(b)(2). That section of the FCRA protects consumers from having their private information disclosed through a consumer report, unless two conditions are satisfied: (1) the consumer must be provided with a clear and conspicuous disclosure that the report will be obtained; and (2) the consumer must have provided their written consent. The statue requires that the

**MEMORANDUM DECISION AND ORDER - 4**

disclosure be made in "a document that consists solely of the disclosure" so that it is clear and conspicuous.

The historical framework of the FCRA shows that Congress was concerned about fair and accurate credit reporting. The Congressional findings and statement of purpose for the FCRA states that the banking system is dependent upon such reporting. 15 U.S.C. § 1681a(1). It further explains that consumer reporting agencies play a vital role in that process, but notes that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

With this framework in mind, the Court recognizes that *Spokeo* makes clear that a "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact, [and] a plaintiff . . . need not allege any *additional* harm beyond the one Congress had identified." *Spokeo*, 136 S.ct at 1549 (Italics in original). The Supreme Court reached this conclusion by referencing the holdings in *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998) and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989) that there is standing where plaintiffs seek to obtain, and were denied, information that was subject to public disclosure under the Federal Election Campaign Act and the Federal Advisory Committee Act, respectively.

But just because a violation of a procedural right *can* be sufficient to create a concrete injury in *some* circumstances, does not mean that it *will* be sufficient in *all* circumstances. Here, there is no allegation that Winco received or disseminated any negative or wrong information about Mitchell. And Mitchell received the job she applied

**MEMORANDUM DECISION AND ORDER - 5**

for at Winco. As noted by the court in *Thomas*, the injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing," but this proposition survives *Spokeo* "subject to qualification, depending on the facts of each case" and the considerations addressed in *Spokeo*. *Thomas*, 193 F.Supp.3d 623, 631 (E.D.Va 2016).

The problem for Mitchell is that consideration of the specific facts of this case, coupled with Justice Alito's conclusions in the last two paragraphs of *Spokeo*, leave her without a concrete injury. In *Spokeo*, Justice Alito explained that on the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk when it drafted the FCRA. *Spokeo*, 136 S.Ct. at 1550. On the other hand, a plaintiff cannot satisfy the demands of Article III by alleging a bare procedural violation because "a violation of one of the FCRA's procedural requirements may result in no harm." *Id.* Justice Alito provided as an example of a bare procedural violation that does not create Article III standing, a situation where a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, but the information is entirely accurate. *Id.* He further noted that not all inaccuracies cause harm or present any material risk of harm.  An incorrect zip code in a disclosure would be inaccurate, but not present any real risk of harm.

Based on the allegations of the Amended Complaint, this case fits squarely within the "entirely accurate" or "no material risk of harm" categories identified by Justice Alito as not constituting the type of harm which provides Article III standing. Accordingly,

**MEMORANDUM DECISION AND ORDER - 6**

Mitchell has not alleged a concrete and particularized injury, and therefore lacks standing.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or in the Alternative to Stay (Dkt. 12) is **DEEMED MOOT**.

2. Defendant's Motion to Dismiss [Article III Standing] is **GRANTED**.

3. The Court will enter a separate judgment as required by Fed. R. Civ. P. 58.

DATED: March 7, 2017

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 7**