**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
623 W. Hays Street
Telephone: (208) 489-8989
Facsimile: (208) 489-9888
Email: eric@jonesandswartzlaw.com

**Steven L. Woodrow***
**Patrick H. Peluso***
**Woodrow & Peluso, LLC**
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Email: swoodrow@woodrowpeluso.com
        ppeluso@woodrowpeluso.com

**Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendant. | Case No.  1:16-cv-00076-BLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER MEMORANDUM DECISION AND ORDER OF MARCH 7, 2017 DISMISSING THE CASE** |

### I.　　INTRODUCTION

　　This case challenges Defendant Winco Foods, LLC's ("Winco") serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). The facts are straightforward: Winco fails to provide a standalone disclosure and authorization to its applicants and employees before it obtains consumer reports about them.

While such conduct plainly violates the FCRA, Winco moved to dismiss arguing that, under the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016), Plaintiff Gloria Mitchell ("Mitchell") supposedly lacked Article III standing because alleging violations of the FCRA's disclosure provisions did not constitute "concrete harm." (Dkt. 20.) Following full briefing that closed in September 2016 and oral argument the following month the Court, on March 7, 2017, sided with Winco and dismissed Mitchell's Complaint with prejudice. (*See* Memorandum Decision and Order ("Order") (dkt. 28)). In doing so, the Court explained that, "Based on the allegations of the Amended Complaint, this case fits squarely within the 'entirely accurate' or 'no material risk of harm' categories identified by Justice Alito as not constituting the type of harm which provides Article III standing." (Order at 6.)

Our story may have ended there but for an intervening change in the law: on January 20, 2017, 148 days after Plaintiff had filed her Opposition Brief, the Ninth Circuit released its decision in the case of *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) (*See Syed* Opinion, attached hereto as Exhibit A). *Syed* is squarely on point—just like Mitchell, Syed sued his former employer under the FCRA for failing to provide a "standalone" FCRA disclosure and authorization. Just like Winco, M-1 had moved to dismiss based on a purported lack of Article III standing. And just like this Court, the district court in *Syed* dismissed his claims after finding he had failed to allege concrete harm.

The Ninth Circuit reversed the dismissal and explained that Syed had standing. Citing *Spokeo*, the court of appeals explained that:

> The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for

2

>violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain[ ] of causation that will give rise to a case or controversy."

846 F.3d at 1040. Put simply, the Ninth Circuit held the opposite of what this Court held when dismissing the instant case—employees and applicants have Article III standing to sue under the FCRA where an employer violates the Act's standalone disclosure provisions.

Given that *Syed* is squarely on point and was issued in the interim between the time when Plaintiff filed her Opposition to Winco's Motion to Dismiss and the date the Court entered its ruling in the case at bar dismissing Mitchell's claims, sufficient grounds exist for reconsideration of the March 7, 2017 dismissal Order. The Ninth Circuit has firmly recognized the rights of employees and applicants and their standing to sue under the FCRA for background check disclosure violations. As such, and as explained more fully below, this Court should follow such binding authority and reinstate the lawsuit.

## II.    BACKGROUND FACTS

***Winco Fails to Provide a Standalone Disclosure and Authorization to Applicants and Employees as Required by the FCRA***

In or around April 2015, Plaintiff Mitchell applied for a job with WinCo using WinCo's online application. (Compl. ¶ 17.) Shortly thereafter she was hired by WinCo as a deli clerk at WinCo's Lewisville, Texas store. (*Id.* ¶ 18.) During the application process, Plaintiff was presented with an FCRA disclosure and authorization form that was riddled with extraneous information. (*See* Compl. Ex. A.) On information and belief, Plaintiff alleges that WinCo presents its disclosure form and its authorization form during the same application process and at approximately the same time, such that the forms should be read simultaneously. (Compl. ¶ 38.)

Plaintiff filed her Complaint on February 18, 2016. (Dkt. 1.) The Parties subsequently stipulated to two extensions of WinCo's responsive pleading deadline. (Dkts. 6, 8.)

3

***Winco Moves to Dismiss Arguing that a Failure to Provide a Standalone Disclosure and Authorization is Not a Concrete Harm Sufficient to Confer Standing Post-Spokeo, and the Court Dismisses the Case***

On April 20, 2016 Plaintiff filed her First Amended Complaint and WinCo moved to dismiss for failure to state a claim on May 9, 2016. (Dkts. 10, 12.) On July 18, 2016 Winco filed a second Motion to Dismiss, this time arguing that dismissal was necessary due to a lack of standing under Article III. (Dkt. 20.) Plaintiff filed a Response in Opposition ("Opposition") on August 25, 2016 (dkt. 24) and Winco Replied on September 19, 2016 (dkt. 26.)

On March 7, 2017, the Court entered its Memorandum Decision and Order ("Order") dismissing the case on the grounds that Mitchell was supposedly unable to show that she suffered a concrete harm so as to confer Article III standing on her to bring an FCRA claim.

***Over Four months after Plaintiff Filed Her Opposition Brief, the Ninth Circuit Issued its Decision in* Syed v. M-I, LLC, *Squarely Holding that Employees and Applicants Have Standing to Sue for Violations of the FCRA's Disclosure Provisions Even if They Are Ultimately Hired.***

As indicated above, Plaintiff filed her Opposition brief on August 25, 2017. Over four months later, on January 20, 2017, the Ninth Circuit issued its decision in *Syed*. Its application to this case is unmistakable. In August 2011, Syed applied to work at M-I and was hired. (*Syed* Dkt. 14-1, attached hereto as Exhibit B, at 1.) *Syed* later discovered while reviewing his personnel file that a background check had been performed on him. 846 F.3d at 1039. Syed alleged that this was unlawful because the FCRA disclosure and authorization that had been provided to him by M-I contained a liability waiver and thus failed to "standalone" as required. Specifically:

> Syed alleges that the Disclosure Release failed to satisfy the disclosure requirements mandated by 15 U.S.C. § 1681b(b)(2)(A). Syed does not contend that M-I's form contained too little information. Instead, he argues that it contained too much. Specifically, he alleges that M-I's inclusion of the liability waiver violated the statutory requirement that the disclosure document consist "solely" of the disclosure. *See* § 1681b(b)(2)(A)(i). Syed alleges that he realized M-I had violated the statute when, upon reviewing his personnel file, he noticed that M-I had

4

> procured his consumer report, in spite of the allegedly deficient disclosure with which it had provided him. He alleges that he filed the complaint within two years of reviewing his file.
>
> On May 19, 2014, Syed filed a putative class action in district court on behalf of himself and any person whose consumer report was obtained by M-I after receiving a disclosure in violation of Section 1681b(b)(2)(A)(i) within the two-year limitations period. He sought statutory damages pursuant to Section 1681n(a)(1)(A), punitive damages pursuant to Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n(a)(3). Syed did not seek actual damages, which would have required proof of actual harm. (Internal citations omitted).

846 F.3d at 1039. M-1 moved to dismiss arguing, as Winco successfully did before this Court, that Syed's claims should be dismissed because he supposedly hadn't suffered any concrete harm. The district court agreed and dismissed Syed's claims with prejudice.

On January 20, 2017, 148 days after Plaintiff had filed her Opposition brief, the Ninth Circuit reversed the dismissal of Syed's case and held that he had standing. As the Ninth Circuit explained:

> Syed has established Article III standing. A plaintiff who alleges a "bare procedural violation" of the FCRA, "divorced from any concrete harm," fails to satisfy Article III's injury-in-fact requirement. *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016). However, Syed alleges more than a "bare procedural violation." The disclosure requirement at issue, 15 U.S.C. § 1681b(b)(2)(A)(i), creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A)(ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain[ ] of causation that will give rise to a case or controversy." *See Spokeo*, 136 S.Ct. at 1549 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 580, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (Kennedy, J., concurring)). Therefore, Syed has Article III standing to bring this lawsuit. *See Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, No. 3:13–cv–825, 2016 WL 3653878, at *4–12 (E.D. Va. June 30, 2016) (holding that an improper disclosure under 15 U.S.C. § 1681b(b)(2)(A) causes "a concrete injury sufficient to confer standing").

846 F.3d at 1040. Hence, contrary to the Court's determination that violations of the FCRA's standalone disclosure provisions are insufficient to confer Article III standing, the *Syed* decision says just the opposite: job applicants and employees suffer concrete legal harm when they are deprived of their ability to meaningfully authorize the credit check.

As explained below, given that Syed represents an intervening change in the law of the Ninth Circuit, this Court should reconsider its March 7, 2017 dismissal of the lawsuit.

### III. ARGUMENT

In the Ninth Circuit, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir.1988); *Tucker v. S. Shore Villas Homeowners Ass'n*, No. 215CV00961JADNJK, 2017 WL 810281, at *3 (D. Nev. Mar. 1, 2017) (same)).

As explained below, the Ninth Circuit's issuance of the *Syed* decision presents precisely the scenario for which reconsideration was designed. The case represents an intervening change in the law that occurred after Plaintiff had filed her Opposition to the Motion to Dismiss.

> **A. The Court should grant reconsideration because there was a change in the law—the Ninth Circuit's decision in *Syed*—after the Parties had fully briefed the issues presented by Winco's Motion to Dismiss.**

Reconsideration is appropriate because the *Syed* decision clearly presents an intervening change in controlling law. This is not an instance where the decision was available at the time Plaintiff filed her Opposition brief but due to inadvertence or neglect failed to site controlling Ninth Circuit law to the Court. Rather, Mitchell's Response in Opposition to the Motion to

6

Dismiss was timely filed on August 25, 2016, a full 148 days before the *Syed* decision had even been issued. Again, the *Syed* decision was entered by the Ninth Circuit on January 20, 2017—which was prior to the date the Court issued its decision to dismiss the case. Hence, during the time period between the date Plaintiff filed her brief and the Court's ruling there was an intervening change in the law.

> B. *Syed* **represents a change in the law, as applied by this Court, regarding whether a violation of the "standalone" notice provisions of the FCRA is sufficient to confer Article III standing on an employee in the wake of** *Spokeo*.

In addition to representing an "intervening" law, the Court should also readily find that *Syed* presents a "change" in the law, at least insofar as it was applied by the Court in its March 7, 2017 Order. The two decisions cannot be reconciled. *Syed* recognizes the concrete harm that flows from being denied an opportunity to meaningfully authorize the background check—harm that this Court determined instead "fits squarely within the 'entirely accurate' or 'no material risk of harm' categories identified by Justice Alito as not constituting the type of harm which provides Article III standing." (Order 6.) Again, the Ninth Circuit explained that:

> Syed alleges more than a "bare procedural violation." The disclosure requirement at issue, 15 U.S.C. § 1681b(b)(2)(A)(i), creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process. The authorization requirement, § 1681b(b)(2)(A) (ii), creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a "chain[ ] of causation that will give rise to a case or controversy."

846 F.3d at 1040. In short, Syed suffered a concrete harm by being denied information he was entitled to receive in the manner Congress specified he was to receive it. Failure to provide the Congressionally mandated disclosure and authorization strips employees of their ability to

meaningfully authorize the consumer report. That is precisely what Mitchell alleges here. The inclusion of extraneous information regarding investigative consumer reports—which the FCRA treats differently than ordinary consumer reports—prevented Mitchell from meaningfully authorizing just the consumer report. As such, standing should similarly be found in Mitchell's case given that she alleges the same type of FCRA violation.

The Court's prior observation that Mitchell didn't suffer harm by virtue of the fact she was hired by Winco is, respectfully, off-point. Syed was hired as well and worked for several weeks. (*See* Exhibit B, at 1.) Indeed, nothing in the FCRA or the *Syed* decision suggests that employers are free to violate the FCRA's disclosure rules so long as they ultimately extend some type of job offer. The same holds true for the Court's explanation that Mitchell didn't allege any errors in the background check. Congress did not require such errors as a pre-requisite to being able to bring a case for a violation of the disclosure provisions, and the Ninth Circuit made no mention at all of any such requirement. Again, Syed was hired and never alleged any errors—if such factors prevented an applicant or employee from having standing the Ninth Circuit could have said so.

Likewise, the Court's distinction of *Thomas v. FTS USA, LLC,* 193 F. Supp. 3d 623 (E.D. Va. 2016)—which the Ninth Circuit cited favorably in *Syed*—on the grounds that Section 1681b(b)(3) adverse action claims were also at issue in *Thomas* but not in Mitchell's case is irreconcilable with *Syed*. Syed, like Mitchell, alleged only Section 1681b(b)(2) disclosure claims and did not allege Section 1681b(b)(3) adverse action claims. (*See Syed* Dkt. 1.) Again, the Ninth Circuit did not find this problematic or a bar to recovery.

As such, denying reconsideration would require Plaintiff to appeal to the Ninth Circuit which, in turn, is likely to simply uphold *Syed*. There is certainly nothing to suggest that it would

8

depart from its recent decision or overturn it if presented with another opportunity. As such, *Syed* now represents the law of the Ninth Circuit and is binding on this proceeding. Because *Syed* holds that employees have standing to sue where they aren't provided a standalone FCRA disclosure and authorization, the Court should reconsider its prior Order.

### C. Plaintiff's counsel apologizes to the Court for not filing a notice of supplemental authority following the Ninth Circuit's issuance of *Syed*.

As a final matter, Plaintiff's counsel wishes to apologize to the Court for not filing a notice of supplemental authority during the 46 days after *Syed* was decided but before this Court issued its Order. The case is on-point and even though it was decided 148 days *after* Plaintiff had already submitted her brief, Plaintiff's counsel should have brought it to the Court's attention sooner. Going forward, Plaintiff's counsel commits to apprising the Court promptly of any intervening changes in applicable law so as to avoid the need for motions to reconsider.

## IV. CONCLUSION

Put simply, the Ninth Circuit held in *Syed* that a failure to be provided a standalone FCRA notice and authorization for an employment-related background check causes concrete harm so as to satisfy the injury-in-fact requirement of Article III. The Court's conclusion that the FCRA violations set forth in the Amended Complaint show that "this case fits squarely within the 'entirely accurate' or 'no material risk of harm' categories identified by Justice Alito as not constituting the type of harm which provides Article III standing" (Order 6) is undercut by *Syed*'s holding that employees suffer "a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check. By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a chain[ ] of causation that will give rise to a case or controversy.'" There is standing for such violations in the Ninth Circuit.

Accordingly, Plaintiff Mitchell respectfully requests that the Court reconsider its March 7, 2017 decision granting Defendant Winco's Motion to Dismiss and for such additional relief as the Court deems necessary and just.

      *    *    *    *    *

Respectfully Submitted,

Dated: March 10, 2017    **GLORIA MITCHELL**, individually,
and on behalf of all others similarly situated,


By: __/s/ Patrick H. Peluso__

Eric B. Swartz
**JONES & SWARTZ PLLC**
623 W. Hays Street
Telephone: (208) 489-8989
Facsimile: (208) 489-9888
Email: eric@jonesandswartzlaw.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: (720) 213-0675
*Counsel for Plaintiff and the Putative Class*

*pro hac vice

**CERTIFICATE OF SERVICE**

I am a resident of the State of Colorado, over the age of eighteen years old, and am not a party to this lawsuit. My business address is 3900 E. Mexico Avenue, Suite 300, Denver, Colorado 80210. I HEREBY CERTIFY that on the 10th day of March 2017, I filed the foregoing **MOTION TO RECONSIDER MEMORANDUM DECISION AND ORDER OF MARCH 7, 2017 DISMISSING THE CASE** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rick D. Roskelley, Attorney for Defendant WinCo Foods, LLC.

Mr. Roskelley's email address is rroskelley@littler.com.

I declare that the foregoing is true and correct.

/s/ Patrick H. Peluso