# EXHIBIT B

1    MORGAN, LEWIS & BOCKIUS LLP
     GEORGE A. STOHNER (SBN 214508)
2    gstohner@morganlewis.com
     77 West Wacker Drive
3    Chicago, IL  60601-5094
     Tel:   312.324.1000
4    Fax:   312.324.1001

5    MORGAN, LEWIS & BOCKIUS LLP
     JASON S. MILLS (SBN 225126)
6    jmills@morganlewis.com
     ALEXANDER M. CHEMERS (SBN 263726)
7    achemers@morganlewis.com
     300 South Grand Avenue
8    Twenty-Second Floor
     Los Angeles, CA  90071-3132
9    Tel:   213.612.2500
     Fax:   213.612.2501

10
     Attorneys for Defendant
11   M-I L.L.C.

12                    UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14

15
     SARMAD SYED, individually, and          Case No. 1:14-cv-00742-BAM
16   on behalf of all others similarly
     situated,                               **DEFENDANT M-I L.L.C.'S**
17                                           **MEMORANDUM OF POINTS AND**
                         Plaintiff,          **AUTHORITIES IN SUPPORT OF ITS**
18                                           **MOTION TO DISMISS PLAINTIFF'S**
                  vs.                        **COMPLAINT PURSUANT TO**
19                                           **F.R.C.P. 12(b)(6)**
     M.I., L.L.C. a Delaware Limited
20   Liability Company, doing business as    Date:        August 15, 2014
     M-I SWACO; and DOES 1 through           Time:        9:00 a.m.
21   10, inclusive,                          Courtroom:   8
                                             Judge:       Hon. Barbara A. McAuliffe
22                       Defendants.

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
  LOS ANGELES

DB1/ 79971748.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................1

II.     RELEVANT BACKGROUND..................................................3

    A.      Plaintiff Sarmad Syed ................................................3

    B.      Plaintiff's 2012 Lawsuit Against M-I..........................3

    C.      Plaintiff's 2014 Lawsuit Against M-I and Pre-Check........................3

III.    STANDARD OF REVIEW ......................................................4

IV.     PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF
    LIMITATIONS UNDER BOTH THE FCRA AND THE ICRAA ...............5

    A.      Plaintiff's Action Is Barred by the Statute of Limitations
        Because It Was Not Brought Within Two Years of July 20,
        2011, the Date That Plaintiff Signed the Disclosure Form .................5

    B.      Plaintiff's Action Is Barred by the Statute of Limitations
        Because It Was Not Brought Within Two Years of July 20,
        2011, the Date That Plaintiff Was On Inquiry Notice of the
        Alleged Violations ..................................................7

V.      PLAINTIFF'S ICRAA CLAIM FAILS AS A MATTER OF LAW .............9

    A.      Plaintiff Fails to State a Claim Under the ICRAA Because M-I
        Cannot Be Subjected to Both a FCRA Claim and an ICRAA
        Claim Based on the Same Set of Facts ................................9

    B.      Plaintiff Fails to State a Claim Under the ICRAA Because the
        ICRAA Is Unconstitutionally Vague as Applied...............................10

VI.     PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO SUPPORT
    A CLAIM FOR INJUNCTIVE RELIEF .....................................13

VII.    CONCLUSION ..................................................................14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

1

2

## **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**FEDERAL CASES**

5

*Andresakis v. Capital One Bank*
6    No. 09 Civ. 08411(DAB) (FM), 2011 WL 846830 (S.D.N.Y. Feb. 3,
     2011) ............................................................................................................................. 8

7

*Bell Atlantic Corp. v. Twombly*
8    550 U.S. 544 (2007) ...................................................................................................... 4

9

*Bittick v. Experian Info. Solutions, Inc.*
10   419 F. Supp. 2d 917 (N.D. Tex. 2006) .......................................................................... 7

11

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*
12   701 F. Supp. 2d 340 (E.D.N.Y. 2010) ........................................................................... 8

13

*Cervantes v. Countrywide Home Loans, Inc.*
14   656 F.3d 1034 (9th Cir. 2011) ....................................................................................... 6

15

*Conder v. Home Sav. of Am.*
16   2010 WL 2486765 (C.D. Cal. June 14, 2010) ............................................................... 6

17

*Das v. WMC Mortg. Corp.*
     831 F. Supp. 2d 1147 (N.D. Cal. 2011) ......................................................................... 6

18

*Durning v. First Boston Corp.*
19   815 F.2d 1265 (9th Cir. 1987) ....................................................................................... 6

20

*Hubbard v. Fidelity Fed. Bank*
21   91 F.3d 75 (9th Cir. 1996) (per curiam) ..................................................................... 6, 8

22

*Jones v. Sonic Auto., Inc.*
23   391 F. Supp. 2d 1064 (M.D. Ala. 2005) ...................................................................... 14

24

*Mangio v. Equifax, Inc.*
25   887 F. Supp. 283 (S.D. Fla. 1995) .............................................................................. 14

26

*Meyer v. Ameriquest Mortg. Co.*
     342 F.3d 899 (9th Cir. 2003) ......................................................................................... 6

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

ii

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

*Moran v. Screening Pros, LLC*
   No. 12-cv-05808-SVW-AGR, 2012 WL 10655744 (C.D. Cal. Sept. 28,
   2012) .................................................................................................................. 12, 13

*Owner–Operator Indep. Driver Ass'n, Inc. v. Usis Commercial Servs., Inc.*
   410 F. Supp. 2d 1005 (D. Colo. 2005) ......................................................... 13

*Roe v. LexisNexis Risk Solutions, Inc.*
   No. CV 12-6284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal.
   Mar. 19, 2013) ......................................................................................... 10, 11, 13

*SmileCare Dental Group v. Delta DentalPlan of Cal., In*
   t>749 F.2d 534 (9th Cir. 1984) ....................................................................... 4

*Sparrow v. SLM Corp.*
   No. RWT 08-00012, 2009 WL 77462 (D. Md. Jan. 7, 2009) .......................... 7

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ........................................................................... 5

*Steckman v. Hart Brewing, Inc.*
   143 F.3d 1293 (9th Cir. 1998) ......................................................................... 6

*Washington v. CSC Credit Servs.*
   199 F.3d 263 (5th Cir. 2000) ......................................................................... 13

*Willey v. J.P. Morgan Chase, N.A.*
   No. 09 Civ.1937, 2009 WL 1938987 (S.D.N.Y. July 7, 2009) ........................ 7

**CALIFORNIA CASES**

*Ortiz v. Lyon Management Group, Inc.*
   157 Cal. App. 4th 604 (2007) ................................................................... 11, 13

*People ex rel. Gallo v. Acuna*
   14 Cal.4th 1090 (1997) ................................................................................. 13

*Trujillo v. First American Registry, Inc.*
   157 Cal. App. 4th 628 (2007) ............................................................. 11, 12, 13

**FEDERAL STATUTES**

15 U.S.C. § 1601 ................................................................................................ 6

15 U.S.C. § 1681 ................................................................................................ 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15 U.S.C. § 1681b(b)(2) ................................................................................... 4

15 U.S.C. § 1681p ........................................................................................... 5

**CALIFORNIA STATUTES**

Cal. Civ. Code § 1785.1 . ............................................................................... 10

Cal. Civ. Code § 1785.3(c) ............................................................................ 10

Cal. Civ. Code § 1785.13(a)(6) ................................................................. 10-11

Cal. Civ. Code § 1786 .................................................................................... 1

Cal. Civ. Code § 1786.2(c) ............................................................................ 10

Cal. Civ. Code § 1786.12 ............................................................................... 10

Cal. Civ. Code § 1786.18(a)(7) ...................................................................... 11

Cal. Civ. Code § 1786.50 ...................................................................... 5, 9, 14

Cal. Civ. Code § 1786.16 ................................................................................ 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

iv

1    I.    **INTRODUCTION**

2         Plaintiff Sarmad Syed alleges that the "Pre-Employment Disclosure &

3    Release" that he received and signed on July 20, 2011 violates the Fair Credit

4    Reporting Act ("FCRA")[1] and California's Investigative Consumer Reporting

5    Agencies Act ("ICRAA").[2]

6         Notably, Plaintiff does not allege that the criminal background check

7    subsequently performed by Defendant PreCheck, Inc. ("PreCheck") was defective,

8    nor does he allege that Defendant M-I L.L.C. ("M-I") improperly used the

9    information in that report to his detriment.  To the contrary, Plaintiff was hired by

10   M-I in August 2011, though Plaintiff voluntarily quit only a few weeks later.

11   Rather, the gravamen of Plaintiff's claims is that the Pre-Employment Disclosure &

12   Release (attached as Exhibit 1 to the Complaint) was defective because it included

13   not only the required disclosures but also an authorization and a one-sentence

14   liability release.  Although Plaintiff does not claim that he was actually harmed in

15   any way by the one-sentence release, he seeks statutory and punitive damages under

16   the FCRA and ICRAA on his own behalf and on behalf of a proposed nationwide

17   class and sub-class.

18        Plaintiff's Complaint should be dismissed because it is barred by the

19   applicable statutes of limitations.  Under both the FCRA and ICRAA, a plaintiff

20   can only file a claim within two years from the date of discovery of the alleged

21   violation.  Although Plaintiff vaguely alleges in his Complaint that he "discovered"

22   the violation within the past two years, the Pre-Employment Disclosures & Release

23   that was attached to Plaintiff's Complaint confirms that he had actual notice of the

24   alleged violations on July 20, 2011.  Where, as here, a plaintiff alleges that the

25   alleged violation was apparent from the face of an agreement, the statute of

26   limitations begins running the day that the plaintiff signed that document.

27   _____

28   [1] 15 U.S.C. § 1681 *et seq.*
     [2] Cal. Civ. Code § 1786 *et seq.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

DB1/ 79971748.2

1    Moreover, even if Plaintiff did not have actual notice of the alleged violation, the

2    Pre-Employment Disclosures & Release clearly put him on "inquiry notice" such

3    that a reasonably diligent plaintiff would have known the facts supporting his

4    claims on or about July 20, 2011.  Despite this notice, Plaintiff failed to file this

5    lawsuit until May 19, 2014, nearly three years after he signed the Pre-Employment

6    Disclosures & Release, and more than two-and-a-half years after his employment

7    with M-I ended.  Consequently, his claims are barred by the applicable statutes of

8    limitations and should be dismissed.

9         Plaintiff's ICRAA claim fails for additional reasons.  As an initial matter, the

10   ICRAA is clear that a user of information such as M-I cannot be subjected to both

11   an ICRAA claim and a FCRA claim for the same act or omission.  As Plaintiff's

12   ICRAA and FCRA claims both arise from the same allegedly defective disclosure

13   form, Plaintiff is barred from seeking relief under both statutes.  In addition, even if

14   Plaintiff could theoretically assert an ICRAA claim, such a claim is barred because

15   the ICRAA is unconstitutionally vague.  Both California and federal courts have

16   held that information contained in a background check is potentially subject to both

17   the ICRAA and the Consumer Credit Reporting Agencies Act and the ICRAA is,

18   therefore, void and unenforceable.

19        Finally, Plaintiff's claim for injunctive relief fails because only the Federal

20   Trade Commission, and not individual litigants, has the power to pursue injunctive

21   relief under the FCRA.

22        Given the fatal defects contained in the Complaint, M-I respectfully requests

23   that the Court dismiss Plaintiff's Complaint, with prejudice.

24   / / / /

25   / / / /

26   / / / /

27   / / / /

28   / / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

2

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

## II.   RELEVANT BACKGROUND

### A.   Plaintiff Sarmad Syed

Plaintiff alleges that he applied for employment with M-I on or about July 20, 2011.  Compl., ¶ 17.  In connection with his employment application, M-I presented Plaintiff with a "Pre-Employment Disclosure & Release."  Compl., ¶ 18, Ex. 1.  In addition to informing Plaintiff that a background check would be performed in connection with his employment application, the disclosure form that M-I provided to Plaintiff included an authorization for the background check that included a one-sentence liability release.  *Id.*

Plaintiff was subsequently hired by M-I, though he only worked very briefly for the Company, from "about August 15, 2011 to September 19, 2011."  Request for Judicial Notice ("RJN"), Ex. A (¶ 4).  Plaintiff does not allege that the background check affected his decision to quit his job only a few weeks after he began working for M-I.  *See also* RJN, Ex. A (¶ 19) (stating that he resigned, *inter alia*, because of an alleged "hostile work environment").

### B.   Plaintiff's 2012 Lawsuit Against M-I

On October 18, 2012, Plaintiff and another former M-I employee filed a "Class Action and FLSA Collective Action Complaint" in the Eastern District of California, entitled *Sarmad Syed and Ashley Balfour v. M-I, L.L.C., doing business as M-I SWACO*, Case No. 12-cv-017180-AWI-MJS.  Plaintiff's lawsuit is based on the allegation that M-I improperly classified as exempt a group of current and former employees, and involves claims under the Fair Labor Standards Act and California Labor Code.  That action is still pending in the Eastern District.[3]

### C.   Plaintiff's 2014 Lawsuit Against M-I and Pre-Check

On May 19, 2014, more than two-and-a-half years after his employment with M-I ended, Plaintiff filed the current action.  In his "Class Action Complaint,"

---

[3] Plaintiff is represented in the Eastern District case by the Blanchard Law Group, APC, one of the same firms behind the instant action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

3

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1   Plaintiff alleges that Defendants violated the FCRA and ICRAA by failing to make

2   proper disclosures required in connection with using and procuring consumer

3   reports for employment purposes.  Compl., ¶ 1.

4        Plaintiff's FCRA claim against M-I is based on an alleged violation of 15

5   U.S.C. § 1681b(b)(2), on the grounds that the disclosure form that M-I provided to

6   Plaintiff was purportedly not "in a document that consists solely of the disclosure."

7   Compl., ¶ 21.  Plaintiff's second claim is based on the same set of facts, but brought

8   under California's ICRAA.  As with his first cause of action, Plaintiff alleges that

9   M-I allegedly violated the ICRAA by failing to provide a disclosure to Plaintiff

10   which was made "in a document that consists solely of the disclosure."

11   Compl., ¶ 39.

12   ### III.   <u>STANDARD OF REVIEW</u>

13        Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to plead

14   "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P.

15   12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A]

16   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

17   more than labels and conclusions, and a formulaic recitation of the elements of a

18   cause of action will not do."  *Twombly*, 550 U.S. at 555.  The Court need not accept

19   Plaintiff's legal conclusions as true: "[t]hreadbare recitals of the elements of a cause

20   of action, supported by mere conclusory statements, do not suffice."  *Id*.  Dismissal

21   may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient

22   facts under a cognizable legal theory.  *SmileCare Dental Group v. Delta DentalPlan*

23   *of Cal., Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  As explained below, Plaintiff has

24   failed to state a cognizable claim and cannot allege any set of facts that would entitle

25   him to relief.  Thus, the Complaint should be dismissed with prejudice.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

## IV.   PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS UNDER BOTH THE FCRA AND THE ICRAA

The entirety of Plaintiff's Complaint rests upon the FCRA and the ICRAA. An action under the ICRAA must be brought within two years from the date of discovery of the alleged violation.  Cal. Civ. Code § 1786.50.  Likewise, a FCRA claim must be brought within (a) two years after the date of discovery by the plaintiff of the alleged violation, or (b) five years after the date on which the alleged violation occurred, whichever is earlier.  15 U.S.C. § 1681p.

### A.   Plaintiff's Action Is Barred by the Statute of Limitations Because It Was Not Brought Within Two Years of July 20, 2011, the Date That Plaintiff Signed the Disclosure Form

Attempting to plead around the two-year statute of limitations, Plaintiff vaguely alleges in the Complaint that he "discovered Defendants' violation(s) within the last two years when he obtained and reviewed his personnel file. . . ." Compl., ¶ 26.

For purposes of the statute of limitations, the date that Plaintiff purportedly reviewed his personnel file is immaterial.  Plaintiff does not claim that the report in his personnel file was inaccurate or attempt to bring any FCRA or ICRAA claims based upon its contents.  Rather, the sole basis for Plaintiff's claims is that he was given a defective disclosure form *before* the background check was even performed.  Thus, for purposes of the statute of limitations, Plaintiff "discovered" Defendants' alleged violations the same day that he reviewed and signed the disclosure form, July 20, 2011.  In addition to alleging that he "applied for a job with M-I on or about July 20, 2011," the disclosure form that Plaintiff attached to his Complaint confirms that he signed the disclosure form that same day.  Thus, Plaintiff's claim that he "discovered" the violation within the last two years should be disregarded because that allegation is contradicted by his other allegations and by facts established by a document that is attached to the complaint.  *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

5

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1   *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *Durning v.*

2   *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

3            In analogous situations involving the Truth in Lending Act ("TILA"), 15

4   U.S.C. § 1601 *et seq*., courts have repeatedly held that the statute of limitations

5   begins running the day that a plaintiff signs the loan documents, because the

6   "failure to make the required disclosures occurred, if at all, at the time the loan

7   documents were signed."  *See, e.g., Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899,

8   902 (9th Cir. 2003); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

9   1045 (9th Cir. 2011) (ruling that statute of limitations started running at time of

10  execution of loan documents "because [plaintiff] could have discovered the alleged

11  disclosure violations and discrepancies at that time"); *Hubbard v. Fidelity Fed.*

12  *Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (per curiam) (declining to toll TILA's statute

13  of limitations when "nothing prevented [the mortgagor] from comparing the loan

14  contract, [the lender's] initial disclosures, and TILA's statutory and regulatory

15  requirements"); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1158 (N.D. Cal.

16  2011) (finding plaintiff's claims time-barred where any fraud "should have been

17  apparent at the time the loan documents were signed"); *Conder v. Home Sav. of*

18  *Am.*, 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010) (finding equitable tolling

19  did not apply where any alleged violations were "objectively and reasonably

20  apparent on the face" of the loan agreement).

21           As Judge Snyder of this Court observed in *Bonyadi v. CitiMortgage, Inc.*, a

22  plaintiff cannot "claim that she had no knowledge of the alleged fraud which she

23  alleges was part and parcel of the loan contract itself."  No. CV 12-5239 CAS

24  (JCGx), 2013 WL 2898143, at *5 (C.D. Cal. June 10, 2013).  Likewise, Plaintiff

25  cannot claim that he had no knowledge of the alleged FCRA and ICRAA violations

26  which he alleges were part and parcel of the disclosure form itself.  This is

27  particularly true given Plaintiff's claim that the disclosure form violated

28  requirements that "are well established in the plain language of the FCRA and in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

6

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1  the promulgations of the Federal Trade Commission," and that "[a]ny reasonable
2  [person] knows about or can easily discover" these requirements.  Compl., ¶ 22.[4]
3  Given these allegations, any claimed violations of the FCRA or ICRAA would have
4  been apparent to Plaintiff at the time he signed the disclosure form, the wording of
5  which provides the entire basis for Plaintiff's claims.  Thus, for purposes of the
6  statute of limitations, Plaintiff was aware of the alleged violations as of July 20,
7  2011, though he did not file his lawsuit until May 19, 2014, more than two years
8  later.  Accordingly, Plaintiff's claims are barred by the statute of limitations and
9  should be dismissed.  *See Bittick v. Experian Info. Solutions, Inc*., 419 F. Supp. 2d
10  917, 919 (N.D. Tex. 2006) (granting motion to dismiss as to time-barred FCRA
11  claims); *Sparrow v. SLM Corp*., No. RWT 08-00012, 2009 WL 77462, at *3 (D.
12  Md. Jan. 7, 2009) (same).

13  **B.**   **Plaintiff's Action Is Barred by the Statute of Limitations Because**
14          **It Was Not Brought Within Two Years of July 20, 2011, the Date**
               **That Plaintiff Was On Inquiry Notice of the Alleged Violations**

15       Even if Plaintiff's claims were not barred by the fact that he had *actual* notice
16  of the alleged violations as of July 20, 2011, his claims are barred because he was
17  on *inquiry* notice of those claims as of July 20, 2011.

18       In *Merck & Co, Inc. v. Reynolds*, the Supreme Court observed that, "[g]iven
19  the history and precedent surrounding the use of the word 'discovery' in the
20  limitations context generally," Congress's decision to use the word "discovery" in a
21  statute evidences the intent to "encompass[] not only those facts the plaintiff
22  actually knew, but also those facts a reasonably diligent plaintiff would have
23  known."  559 U.S. 633, 648 (2010) (interpreting the Securities Exchange Act of
24  1934).  That expectation extends to the statutes at issue here, with courts observing
25  that the "shorter two-year statute runs from the date when [plaintiff] was on
26  'inquiry notice' regarding" a defendant's FCRA violation.  *See Willey v. J.P.*

27  _____
28  [4] M-I disputes Plaintiff's claims, including that it violated any of its legal
    obligations under the FCRA or ICRAA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  *Morgan Chase, N.A.*, No. 09 Civ.1937, 2009 WL 1938987, at *5 (S.D.N.Y. July 7,

2  2009); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d

3  340, 354 (E.D.N.Y. 2010); *Andresakis v. Capital One Bank*, No. 09 Civ.

4  08411(DAB) (FM), 2011 WL 846830, at *3 (S.D.N.Y. Feb. 3, 2011).

5      Here, for the reasons discussed above, Plaintiff was on inquiry notice of the

6  alleged violations no later than July 20, 2011, the date that Plaintiff signed the

7  disclosure form that he claims was invalid on its face.  Having alleged in his

8  Complaint that the disclosure violated the "plain language" of the statutes and that

9  "[a]ny reasonable [person] knows about or can easily discover" the statutes'

10  requirements (Compl. ¶ 22), it is clear that "nothing prevented [Plaintiff] from

11  comparing the [disclosure form] . . . and [the FCRA's and ICRAA's] statutory and

12  regulatory requirements" to discover the alleged violations.  *Hubbard* 91 F.3d at 79.

13  Thus, it is clear that a "reasonably diligent plaintiff would have known the facts"

14  supporting Plaintiff's FCRA and ICRAA claims on July 20, 2011.

15      Finally, even if Plaintiff were correct that he could not have "discovered" the

16  alleged violations until he reviewed his personnel file, Plaintiff still should have

17  known the facts supporting his claims more than two years prior to the filing of this

18  lawsuit.  As shown by the following chronology, any reasonably diligent plaintiff

19  would have "discovered" the facts in 2011, concurrently with the very brief period

20  that Plaintiff worked for M-I.  In particular, M-I requests that the Court take judicial

21  notice of the following dates:

22      • **July 20, 2011** – Plaintiff applies for a job with M-I and signs the

23          disclosure form.  Compl., ¶ 17, Ex. 1.

24      • **August 15, 2011** – Plaintiff begins working for M-I.  RJN, Ex. A.

25      • **September 19, 2011** – Plaintiff stops working for M-I.  RJN, Ex. A.

26      Thus, the very latest that a background check could possibly have been

27  performed on Plaintiff was September 19, 2011.  Despite these facts, including that

28  Plaintiff was on inquiry notice of the alleged violations as of July 20, 2011, Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

does not allege that he made any efforts to review his personnel file or otherwise "discover" such facts until sometime after May 19, 2012, at least eight months after his employment with M-I ended.  Compl., ¶ 26 (alleging that he "discovered" the violation when he reviewed his personnel file sometime within the two years prior to the filing of the Complaint).  Because a "reasonably diligent plaintiff would have known the facts" supporting Plaintiff FCRA and ICRAA claims on or before May 19, 2012, those claims are barred by the two-year statute of limitations.

## V.   PLAINTIFF'S ICRAA CLAIM FAILS AS A MATTER OF LAW

### A.   Plaintiff Fails to State a Claim Under the ICRAA Because M-I Cannot Be Subjected to Both a FCRA Claim *and* an ICRAA Claim Based on the Same Set of Facts

Plaintiff's ICRAA claim is based on an alleged violation of the disclosure requirements of California Civil Code § 1786.16.  Compl., ¶¶ 44-46.  However, the same Civil Code section cited by Plaintiff in his Complaint is clear that M-I cannot be subjected to both an ICRAA claim *and* an FCRA claim:

> Any investigative consumer reporting agency or user of information against whom an action brought pursuant to Section 1681n or 1681o of Title 15 of the United States Code is pending **shall not be subject to suit** for the same act or omission under Section 1786.50.

Cal. Civ. Code § 1786.50 (emphasis added)

Plaintiff's ICRAA claim is based on "the same act or omission" as the FCRA claim, *i.e.,* that the "Pre-Employment Disclosure & Release" that was presented to Plaintiff was allegedly defective because it was not made "in a document that consists solely of the disclosure."  Compl., ¶ 39.  Because Plaintiff is already bringing a identical claim under the FCRA based on the same allegedly defective disclosure, he cannot, pursuant to Civil Code § 1786.50, also bring an ICRAA claim.  The ICRAA claim must therefore be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

9

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.      Plaintiff Fails to State a Claim Under the ICRAA Because the ICRAA Is Unconstitutionally Vague as Applied

Plaintiff's ICRAA claim hinges on an assumption that the report furnished by PreCheck in connection with his July 2011 employment application is regulated under the ICRAA and not the Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1 *et seq.*  Yet multiple courts have opined that when criminal history is searched, it is unclear which statute is applicable.  *See Roe v. LexisNexis Risk Solutions, Inc.,* No. CV 12-6284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal. Mar. 19, 2013) (motion for judgment on the pleadings granted; ICRAA held to be unconstitutionally vague as applied to a criminal background check report furnished by a background check provider to a job applicant's prospective employer, as the criminal information in the report clearly subjected it to the CCRAA as well as the ICRAA).  Background screening reports that rely on public court records but do not otherwise comment on the individual's character, general reputation, personal characteristics or mode of living are defined as "consumer credit reports" ("CR") regulated by the CCRAA.  *See* Cal. Civ. Code §§ 1785.3(c), 1785.13(a)(6).

Here, Plaintiff claims a violation of ICRAA, which governs only "investigative consumer reports" ("ICR").  *See* Cal. Civ. Code §§ 1786.2(c), 1786.12.  The main difference between a CR and an ICR is that a CR is a report that provides information "bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used ... for the purpose of serving as a factor in establishing the consumer's eligibility for ... employment purposes..." (Cal. Civ. Code § 1785.3(c)), while an ICR is a report "in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."  Cal. Civ. Code § 1786.2(c).

Ignoring the distinction between a CR and an ICR, the Complaint merely concludes that the report furnished by PreCheck is an ICR, without any discussion

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    of the interplay and differences between creditworthiness information and character

2    information as applied here.  The Complaint fails to allege sufficient facts to

3    establish, one way or another, whether the subject report is an ICR.

4         The presence (or absence) of public record information in a screening report

5    does not automatically make it a CR or ICR, and to imply otherwise makes an

6    ICRAA claim void for being unconstitutionally vague.  *See Trujillo v. First*

7    *American Registry, Inc.*, 157 Cal. App. 4th 628, 640 (2007) ("the ICRAA is

8    unconstitutionally vague as applied to ... reports containing unlawful detainer

9    information."); *Ortiz v. Lyon Management Group, Inc.*, 157 Cal. App. 4th 604, 612-

10   613 (2007) ("Our challenge arises not because unlawful detainer information is

11   somehow paradoxical, but because, the statutory scheme fails to set forth truly

12   distinct categories.  It presents a false dichotomy between creditworthiness and

13   character.  The ICRAA's nebulous reference to character information, as applied to

14   ... reports containing unlawful detainer information, is unconstitutionally vague.").

15        Public criminal court records are items of information that may be included

16   in a CR to determine a consumer's credit worthiness or capacity.  *See* Cal. Civ.

17   Code § 1785.13(a)(6).  Likewise, the same records can be included in an ICR to

18   determine general reputation or character information.  *See* Cal. Civ. Code §

19   1786.18(a)(7).  Accordingly, the presence of such information in a given report

20   cannot be the determining factor as to whether the CCRAA or the ICRAA govern

21   that report.  Thus, the California Court of Appeal has determined that the ICRAA is

22   unconstitutionally vague on this point and is otherwise void with respect to the

23   reporting of such public records.  *See Trujillo*, 157 Cal. App. 4th at 640; *see also*

24   *Ortiz*, 157 Cal. App. 4th at 613-19.

25        Two recent Central District Court cases have come to the same conclusion —

26   that the ICRAA is unconstitutionally vague as applied.  *See Roe,* 2013 U.S. Dist.

27   LEXIS 88936 (motion for judgment on the pleadings granted; ICRAA held to be

28   unconstitutionally vague as applied to a criminal background check report furnished

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

11

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1    by a background check provider to a job applicant's prospective employer, as the

2    criminal information in the report clearly subjected it to the CCRAA as well as the

3    ICRAA; *Moran v. Screening Pros, LLC,* No. 12-cv-05808-SVW-AGR, 2012 WL

4    10655744 (C.D. Cal. Sept. 28, 2012) (motion to dismiss ICRAA claim granted;

5    ICRAA held to be unconstitutionally vague as it applied to screening reports

6    containing criminal history information, as it cannot be discerned whether the

7    information is governed by the ICRAA, or by the CCRAA).[5]

8        M-I cannot be liable under the ICRAA for the public criminal history that

9    was included in Plaintiff's background check, as application of the ICRAA in that

10   context is void as unconstitutionally vague:

> ICRAA is unconstitutionally vague as applied to tenant
> screening reports containing unlawful detainer information. The
> statute governs reports containing "information on a consumer's
> character, general reputation, personal characteristics, or mode
> of living ... obtained through any means." (§ 1786.2, subd. (c).)
> Plaintiffs asserts their tenant screening reports are subject to the
> ICRAA because they indicated unlawful detainer actions had
> been filed against them, and thus contained "character
> information."
>
> As we explain in a companion case, ***the ICRAA is
> unconstitutionally vague because persons of reasonable
> intelligence cannot determine whether unlawful detainer
> information is character information subject to the ICRAA or
> creditworthiness information subject to the CCRAA.*** []The
> Legislature intended to differentiate between character
> information and creditworthiness information, but ***ever since a
> 1998 ICRAA amendment, it is hopelessly uncertain*** on which
> side of the fence unlawful detainer information falls. []
> Accordingly, defendant is entitled to summary adjudication on
> the ICRAA claims.

*Trujillo*, 157 Cal. App. 4th at 640 (footnote omitted) (emphasis added).

       Here, reasonable persons cannot determine whether Plaintiff's criminal

---

[5] *Moran* is currently before the Ninth Circuit, Case No. 12¬57246.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

12

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

history is information subject to the ICRAA or CCRAA.  As such, M-I was not given adequate notice which statutory scheme it should follow.  *See People  ex rel. Gallo v. Acuna,* 14 Cal.4th 1090, 1115-1116 (1997) (noting "the core due process requirement of adequate *notice*" with respect to which statutory rules and consequences apply in a given situation: "a law that is 'void for vagueness' not only fails to provide adequate notice to those who must observe its strictures, but also 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis....'") (citations omitted); *see also Lockheed v. Superior Court*, 28 Ca1. 2d 481, 484 (1946) ("A statute should be sufficiently certain so that a person may know what is prohibited thereby and what may be done without violating its provisions...").  The 1998 amendment rendered the ICRAA unconstitutional as applied to the subject report's inclusion of Plaintiff's criminal history because M-I was deprived of adequate notice and left to speculate as to whether the report is governed by ICRAA or CCRAA.

In *Ortiz* and *Trujillo*, the courts recognized this and correctly granted summary judgment for the defendants.  *Ortiz*, 157 Cal. App. 4th at 619; *Trujillo*, 157 Cal. App. 4th at 641.  Likewise, in *Roe* and *Moran* the Central District Court dismissed the plaintiffs' ICRAA claims, with prejudice.  *See Roe,* 2013 U.S. Dist. LEXIS 88936 at *18, *30; *Moran,* 2012 WL 10655744 at *7, *9.  The same result is appropriate here.

## VI.    PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF

Plaintiff also seeks injunctive relief requiring M-I to comply with the FCRA in all future instances.  Compl., ¶¶ 25, 33, and Prayer for Relief, ¶ 4.  Federal courts throughout the country have held that only the Federal Trade Commission, and not individual consumers, has the power to pursue injunctive relief under the FCRA. *See Washington v. CSC Credit Servs.,* 199 F.3d 263 (5th Cir. 2000) (private litigants may not obtain injunctive relief under the FCRA); *see also Owner–*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 79971748.2

13

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM

1   *Operator Indep. Driver Ass'n, Inc. v. Usis Commercial Servs., Inc.*, 410 F. Supp. 2d

2   1005, 1007 (D. Colo. 2005) ("[C]ourts that have considered this same issue have

3   overwhelmingly concluded that the FCRA precludes private litigants from seeking

4   equitable relief."); *Jones v. Sonic Auto., Inc.,* 391 F. Supp. 2d 1064 (M.D. Ala.

5   2005) (injunctive relief not available to consumer under FCRA); *Mangio v. Equifax,*

6   *Inc.,* 887 F. Supp. 283 (S.D. Fla. 1995) (claim for injunctive relief dismissed

7   because Congress gave the FTC power to enjoin agencies but conspicuously did not

8   grant the same power to individuals).  In its enumeration of available remedies to a

9   consumer such as Plaintiff, the ICRAA likewise fails to empower a consumer to

10  pursue injunctive relief.  *See* Cal. Civ. Code § 1786.50.  Consequently, Plaintiff's

11  claim for injunctive relief must be dismissed, without leave to amend.

12  **VII.   CONCLUSION**

13          Based on the foregoing, Plaintiff's Complaint fails to state a claim upon

14  which relief can be granted, and this motion should be granted without leave to

15  amend.

16  Dated:        July 16, 2014          MORGAN, LEWIS & BOCKIUS LLP

17                                       By   /s/ Alexander M. Chemers
18                                          ALEXANDER M. CHEMERS
19                                          Attorneys for Defendant
                                            M-I L.L.C.
20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 79971748.2

14

MEMORANDUM ISO MOTION TO DISMISS
CASE NO. 14-CV-00742-BAM