Rick D. Roskelley (Bar No. 5125)
Email: rroskelley@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone: 702.862.8800
Fax: 702.862.8811

ATTORNEY FOR WINCO FOODS, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all other similarly situated**,**<br><br>        Plaintiff,<br><br>   v.<br><br>WINCO FOODS, LLC, a Delaware limited liability company**,**<br><br>        Defendant. | Case No. 1:16-cv-00076-BLW<br><br>**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER MEMORANDUM DECISION AND ORDER OF MARCH 7, 2017 DISMISSING THE CASE** |

**I.      INTRODUCTION**

As set forth in the Court's Order, Plaintiff has not alleged a concrete and particularized injury sufficient to confer Article III standing to assert a claim for willful violation of the Fair Credit Reporting Act ("FCRA").  Plaintiff seeks a second bite of the apple by arguing that a recent Ninth Circuit case, *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017) (opinion amended and superseded on denial of rehearing by *Syed v. M-I, LLC*, -- F.3d --, 2017 WL 1050586 (9th Cir. Mar. 20, 2017)), constitutes an intervening change of law.  However, the Court properly considered controlling United States Supreme Court precedent in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), which supports the Order.  As such, reconsideration of the Court's Order dismissing the case is not warranted.

II. ARGUMENT

A. Legal Standard

Federal Rule of Civil Procedure 59(e) allows a district court to reconsider its decision if a motion is filed within 28 days from the entry of the judgment. A district court has considerable discretion in ruling on a Rule 59(e) motion, but amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted); s*ee also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *McDowell*, 197 F.3d at 1255, n. 1.

Here, Plaintiff relies on the last ground for reconsideration by claiming that *Syed* constitutes a change in controlling law that the Court purportedly overlooked in issuing its order in this case. 2017 WL 1050586. However, *Syed* is clearly distinguishable from this case because it involved a disclosure with a liability waiver. *Id.* Further, the Court properly relied upon controlling Supreme Court authority in *Spokeo* in rendering its decision. 136 S.Ct. 1540. Therefore, Plaintiff is unable to establish that any "highly unusual circumstances" are present in this matter that justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255.

B. *Syed* Is Distinguishable from the Specific Facts of This Case Demonstrating No Concrete Injury.

In *Syed*, the Ninth Circuit found that the inclusion of a liability waiver in a disclosure is a

willful violation of the FCRA.  2017 WL 1050586.  Significantly, the Ninth Circuit framed the issues as follows:

> This case presents a question of first impression in the federal courts of appeals: whether a prospective employer may satisfy the Fair Credit Reporting Act's ("FCRA") disclosure requirements by providing a job applicant with a disclosure that "a consumer report may be obtained for employment purposes" **which simultaneously serves as a liability waiver** for the prospective employer and others.

*Id.* at *1 (emphasis added).  As a result, the Ninth Circuit highlighted the distinguishing factor of *Syed* in that the additional terms included in the FCRA disclosure consisted of a liability waiver.  The concrete harm found by the Ninth Circuit was that the plaintiff was confused by the inclusion of the liability waiver and would not have signed an authorization if it had contained a clear disclosure.

In this case, no liability release was included in the FRCA disclosure form or the authorization form and Plaintiff does not allege confusion regarding the disclosure.  *See* FAC at Ex. A, (Doc 10-1).  Even after amending her complaint, she asserts, at best, a mere technical violation of the FCRA with no concrete injury.[1]  Nevertheless, Plaintiff requests that the Court simply adopt *Syed* without consideration of the distinguishable facts of this case.  In doing so, Plaintiff is merely rehashing the same argument she already lost on when claiming that the fact that no liability waiver is included here "is a distinction without a difference."  (Doc. 14, p. 11).  However, as the Court correctly noted, consideration of the facts of this case is crucial to determining the absence of a concrete injury. (Doc 28, p. 6).  Indeed, the Court found that the

---

[1]  Defendant disputes that it violated the FCRA in any way.  On the other hand, Plaintiff alleges that the FCRA was violated only because the disclosure and authorization were "presented during the same application process at approximately the same time."  (Doc. 10, ¶ 38). Defendant has denied this.  More importantly, Defendant has argued that even were this true, no violation occurred because the FCRA expressly permits the disclosure and authorization be combined on the same form.  *See* (Doc. 19, p. 6).

facts of *Thomas v. FTS USA,* LLC, 193 F.Supp.3d 623 (E.D. Va. 2016) to be "different enough from this case to warrant a different result." (Doc 28, p. 4). Accordingly, Plaintiff's request to simply adopt the holding of *Syed* must be rejected because it would nullify the Supreme Court's reasoning in *Spokeo* that plaintiff bears the burden of alleging a concrete injury in her <u>specific case</u>, separate and apart from showing a statutory violation. *See also Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 980 (9th Cir. 2013) ("determining 'injury' for Article III standing purposes is a fact-specific injury") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 606, 112 S.Ct. 2130 (1992)).

When considering the specific facts of this case, plaintiff is unable to allege a concrete injury. As the Court's Order noted, the Plaintiff does not deny that Defendant provided her with a FCRA disclosure form and that she received the job she applied for with Defendant. (Doc 28, p. 3). Further, Plaintiff did not allege that Defendant distributed false information about her. *Id.* The Court correctly noted that Plaintiff's only allegation of harm was "information harm" and it "invaded her privacy." *Id.* These intangible harms fail the Supreme Court's two-prong test to determine whether they are sufficiently concrete. *Spokeo,* 136 S.Ct. at 1549 ((1) does the alleged harm have a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit; (2) did Congress make a judgment that the particular intangible harms meet Article III's requirement).

As for the informational harm, Plaintiff alleges that the information was not presented in the proper format, but does not allege that she never received the information to which she was entitled. This is inapposite to the informational injury cases cited in *Spokeo* that involved a plaintiff's inability to obtain information that the government was statutorily required to disclose.

136 S.Ct at 1549-50 (citing *Federal Election Commission v. Akins*, 524 U.S. 11, 118 S.Ct. 1777 (1998); *Public Citizen v. Dept. of Justice*, 491 U.S. 440, 109 S.Ct. 2558 (1989)).  With respect to Plaintiff's invasion of privacy allegation, it also is not a concrete injury because she does not articulate a reason for why the alleged extraneous information on the FCRA disclosure would be highly offensive to a reasonable person and how it was an authorized invasion on her private affairs.  Even in her First Amended Complaint, Plaintiff does not allege she was confused by the authorization.

Moreover, just as this Court did, the majority of decisions addressing this precise question have expressly rejected claimed intangible harms of information injury and invasion of privacy.  *See, e.g., Landrum v. Blackbird Enters. LLC*, --F.Supp.3d. --, 2016 WL 6075446 (S.D. Tex. Oct. 3, 2016) (finding no concrete injury in fact); *Groshek v. Great Lakes Higher Educ. Corp.*, 2016 WL 6819697 (W.D. Wis. Oct. 4, 2016) (same); *Nokchan v. Lyft, Inc.*, 2016 WL 5815287 (N.D. Cal Oct. 5 2016) (same); *Shoots v. iQor Holdings U.S. Inc.*, 2016 WL 6090723 (D. Minn. Oct. 18, 2016) (same); *Gunther v. DSW Inc.*, 2016 WL 6537975 (E.D. Wis. Nov. 3, 2016) (same); *Kirchner v. First Advantage Background Servs. Corp.*, 2016 WL 6766944 (E.D. Cal. Nov. 14 2016) (same); *Case v. Hertz Corp.*, 2016 WL 6835086 (N.D. Cal Nov. 21, 2016) (same); *Lee v. Hertz Corp.*, 2016 WL 7034060 (N.D. Cal. Dec. 2, 2016) (same); *In re Michaels Stores, Inc. FCRA Litig.*, 2017 WL 354023 (D. N.J. Jan. 24, 2017) (same).  Accordingly, when considering the specific facts of this case, *Syed* is distinguishable and does not warrant reconsideration of the Court's Order.

        **C.**    ***Syed* Does Not Represent a Change in Controlling Law Because the Court Is Bound By *Spokeo*.**

Preliminarily, *Syed* does not constitute an <u>intervening</u> change in controlling law that has occurred after the Court issued its Order on March 7, 2017.  The Ninth Circuit issued the *Syed*

decision on January 20, 2017.  Subsequently, the Court issued its Order dismissing this case on March 7, 2017.  As a result, Plaintiff's characterization of *Syed* as a change in controlling law is inaccurate because it was issued prior to the Court's Order.[2]  More significantly, *Syed* did not – and cannot – overrule controlling Supreme Court precedent in *Spokeo*.  In fact, the Ninth Circuit specifically noted that "[n]either the Supreme Court nor any circuit court of appeals has addressed whether a prospective employer may satisfy 15 U.S.C. § 1681b(b)(2)(A) by providing a disclosure on a document that also includes a liability waiver." *Syed* at *5.  As a result, *Syed* represents a distinct outlier due to the inclusion of a liability waiver.  Plaintiff's characterization of *Syed* as an intervening change in controlling law is nothing more than an attempt to disguise her rehashing of old arguments that were raised before and rejected by this Court.  Therefore, the Court's reliance on *Spokeo* was justified to find that a plaintiff must articulate <u>both</u> a concrete harm as well as some legal protection from the harm in order to establish an injury-in-fact for the requisite Article III standing.

     Notably, the Supreme Court in *Spokeo* affirmed that the Constitution requires a plaintiff to allege concrete harm rather than a mere technical statutory violation to satisfy Article III's injury requirement.  136 S.Ct at 1550.  Specifically, the Supreme Court noted that a bare procedural violation that does not confer standing is when the information provided was accurate although the required notice was not provided.  *Id.*  As such, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  136 S.Ct. at 1549.  The Court correctly relied on *Spokeo* to find that Plaintiff could not skip over the concrete injury

---

[2] The Ninth Circuit denied the petition for hearing on March 20, 2017, but importantly, the holding did not change.

requirement and despite her mischaracterization of *Syed's* impact, there is no reason for the Court to reconsider its finding of no concrete injury in fact.

Indeed, this case is a prime example of the no-injury action that *Spokeo* bars from proceeding in federal court. As discussed above, Plaintiff is unable to show a concrete harm that Congress has protected. She received a FCRA disclosure, signed a separate authorization, and was hired by Defendant. The two requirements of concrete harm and legal protection set forth by *Spokeo* are not met in this case. 136 S.Ct. at 1549. Moreover, this case does not fall within the example of slander *per se* that the *Spokeo* court provided to demonstrate that Article III jurisdiction may be invoked by harms that are difficult to prove or measure. *Id.* Rather, this case falls squarely within the post-*Spokeo* case law that affirmed the Supreme Court does not allow proof of a concrete injury to be dispensed with in a FCRA case. *See, e.g., LeGrand v. IntelliCorp Records Inc.,* 2017 WL 733664 (N.D. Ohio Feb. 24, 2017) (finding no concrete injury in fact); *Tyus v. U.S. Postal Serv.*, 2016 WL 6108942 (E.D. Wis. Oct. 19 2016) (reconsideration granted on other grounds by *Tyus v. U.S. Postal Serv.*, 2017 WL 52609 (E.D. Wis. Jan. 4, 2017)); *Fisher v. Enterprise Holdings, Inc.*, 2016 WL 4665899 (E.D. Mo. Sept. 7, 2016) (finding no concrete injury in fact); *Groshek v. Time Warner Cable, Inc.*, 2016 WL 4203506 (E.D. Wis. Aug. 6 2016) (same); *Smith v. Ohio State Univ.*, 2016 WL 3182675 (S.D. Ohio June 8, 2016) (same). As a result, the Court properly relied on binding Supreme Court authority in *Spokeo* to find Plaintiff's First Amended Complaint failed to allege a concrete and particularized injury. Therefore, there is no reason to grant reconsideration of the Court's Order.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's

Motion to Reconsider the Court's March 7, 2017 Memorandum Decision and Order Dismissing the Case.

Dated: March 28, 2017                    Respectfully submitted,

/s/ Rick D. Roskelley, Esq.
Rick D. Roskelley, Esq.
rroskelley@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

ATTORNEY FOR WINCO FOODS, LLC

# CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On March 28, 2017, I served the within document(s):

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER MEMORANDUM DECISION AND ORDER OF MARCH 7, 2017 DISMISSING THE CASE**

[X] By CM/ECF Filing – The above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

| | |
|---|---|
| Eric B. Swartz, Esq. | Steven L. Woodrow, Esq. |
| JONES & SWARTZ PLLC | Patrick H. Peluso, Esq. |
| 623 W. Hays Street | WOODROW & PELUSO, LLC |
| Boise, Idaho 83702 | 3900 East Mexico Ave., Suite 300 |
| | Denver, Colorado 80210 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2017, at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

Firmwide:146589013.2 069820.1010