UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>WINCO FOODS, LLC,<br><br>Defendant. | Case No. 1:16-cv-00076-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Mitchell's Motion to Reconsider Memorandum Decision and Order of March 7, 2017 Dismissing the Case (Dkt. 30).

## BACKGROUND

Mitchell applied for a job at Winco in April 2015 using Winco's online application. The online application provided her with an FCRA disclosure informing her that WinCo would conduct a background check in connection with her application for employment.

Mitchell alleges that she was presented another form entitled "Authorization for Background Check" at the same time she reviewed the disclosure. She was subsequently

hired by Winco, but she alleges, on behalf of herself and a class, that the disclosure violated the FCRA because Winco failed to provide a "stand-alone" disclosure regarding the background check.

Winco filed a motion to dismiss the claims based upon lack of standing. The Court granted that motion after interpreting and applying the Supreme Court's recent decision on FCRA standing, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016). Mitchell now asks the Court to reconsider its decision.

## LEGAL STANDARD

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied. Here, Plaintiff suggests the Court committed clear error.

The Court is often presented with motions to reconsider based upon an argument that the Court committed clear error. Most of those motions simply restate arguments the Court has already addressed, and ask the Court to rethink its decision. This is one of those motions. The Court has already addressed Plaintiff's arguments in its earlier decision and nothing in the motion to reconsider causes the Court to change its mind. Accordingly, the Court will deny the motion.

## ANALYSIS

Mitchell argues that *Syed v. M-I, LLC,* 846 F.3d 492 (9th Cir. 2017) is an intervening change in controlling law. *Syed* is similar to this case in that it addresses the FCRA's requirement that an FCRA disclosure regarding a background check be a stand-

alone disclosure. The majority of the opinion focuses on whether defendant M-I violated the FCRA by including a liability waiver on the same document as its FCRA disclosure. The Ninth Circuit specifically noted that "[n]either the Supreme Court nor any circuit court of appeals has addressed whether a prospective employer may satisfy 15 U.S.C. § 1681b(b)(2)(A) by providing a disclosure on a document that also includes a liability waiver" *Syed*, 846 F.3d at 499. *Syed* was issued after *Spokeo*.

But although *Syed* also addressed the plaintiff's standing in that case, the Ninth Circuit only addressed it in two short paragraphs before moving on to the big question of whether the disclosure could include a liability waiver. The Ninth Circuit simply gave some general background information on standing, and then concluded that Syed's allegation was "sufficient to infer that Syed was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(I)–(ii) because it indicates that Syed was not aware that he was signing a waiver authorizing the credit check when he signed it." *Id.* The Ninth Circuit concluded that "[d]rawing all reasonable inferences in favor of the nonmoving party, we can fairly infer that Syed was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." *Id.* at 499-500. Thus, the Ninth Circuit concluded that Syed had alleged a concrete injury and had standing. *Id.* at 500.

This case does not involve an accusation that a liability form was included with the disclosure. And the inferences and conclusions drawn by the court in *Syed* cannot be drawn in this case based upon the Amended Complaint. The facts in *Syed* are

distinguishable from the facts of this case, or at least not developed enough for this Court to make a comparison. The Court cannot make the same inference that Mitchell, like Syed, was not aware she signed the waiver, was confused by the inclusion of a liability waiver with the disclosure, and would not have signed it had it contained a sufficiently clear disclosure.

The Ninth Circuit in *Syed* did not create a change in the controlling law on standing set forth in *Spokeo*. The Ninth Circuit did not address Justice Alito's example of a bare procedural violation that does not create Article III standing when a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, but the information is entirely accurate. *Spokeo* 136 S.Ct. at 1550. Nor did it address his statement that not all inaccuracies cause harm or present any material risk of harm, such as an incorrect zip code in a disclosure. Based on the allegations of the Amended Complaint, this case fits squarely within the "entirely accurate" or "no material risk of harm" categories identified by Justice Alito as not constituting the type of harm which provides Article III standing. As the Court explained in its earlier opinion, the problem for Mitchell is that consideration of the specific facts of this case, coupled with Justice Alito's conclusions in the last two paragraphs of *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), leave her without a concrete injury. Justice Alito plainly stated that a plaintiff cannot satisfy the demands of Article III by alleging a bare procedural violation because "a violation of one of the FCRA's procedural requirements may result in no harm." *Id*. Accordingly, the motion for reconsideration will be denied.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Mitchell's Motion to Reconsider Memorandum Decision and Order of March 7, 2017 Dismissing the Case (Dkt. 30) is **DENIED**.

DATED: November 13, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court