**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
623 W. Hays Street
Telephone: (208) 489-8989
Facsimile: (208) 489-9888
Email: eric@jonesandswartzlaw.com

**Steven L. Woodrow***
**Patrick H. Peluso***
**Woodrow & Peluso, LLC**
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Email: swoodrow@woodrowpeluso.com
          ppeluso@woodrowpeluso.com

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated, <br><br>          Plaintiff, <br><br> v. <br><br> WINCO FOODS, LLC, a Delaware limited liability company, <br><br>          Defendant. | Case No.  1:16-cv-00076-BLW <br><br> **PLAINTIFF GLORIA MITCHELL'S MOTION FOR LEAVE TO CONDUCT DISCOVERY** |

### I.     Introduction

This case challenging WinCo's background check disclosure—now over three years old—is still trapped at the pleadings stage. That is, the Parties entered a Stipulation back on June 30, 2016 to hold off on discovery while the Court decided WinCo's Motion to Dismiss. Three years and an appeal later Plaintiff believes that discovery should be opened so the case may progress beyond the pleadings stage.

## II.     Background and Procedural History

As the Court is aware, On November 29, 2018, the Ninth Circuit Court of Appeals reversed the Court's prior dismissal of the Complaint insofar as it found that Plaintiff should have been granted leave to amend her Class Action Complaint to allege that she was confused by Defendant WinCo Foods, LLC's ("WinCo" or "Defendant") Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") background check disclosure. (Dkts. 41-43.) Mitchell filed her Amended Complaint (dkt. 46) on January 25, 2019, before the deadline set by this Court. (Dkt. 45.) Rather than answer, WinCo has moved to dismiss yet again—this time essentially seeking summary judgment/judgment on the pleadings. As set forth more fully in Plaintiff's concurrently-filed Response in Opposition, WinCo's latest motion to dismiss lacks merit and should be denied.

At issue for the purposes of the instant Motion, however, is the fact that discovery in this case has essentially been frozen since June 30, 2016 through a Stipulation filed by the Parties (dkt. 18.) Plaintiff's counsel reached out to counsel for WinCo regarding proceeding with discovery given the fact that years have passed. WinCo's counsel responded that, "It is our position that the matter should be stayed in the interests of judicial economy.  There is no credible evidence that a stay will adversely impact the availability of witnesses and evidence." (*See* "March 6, 2019, Email from R. Roskelley," a true and accurate copy of which is attached as Ex. A.)

As set forth below, the Court should order that discovery is open and that Plaintiff is not bound by the Stipulation filed June 30, 2016 (dkt. 18.) Discovery generally isn't stayed simply because a Motion to Dismiss has been filed, and here Defendant's Motion to Dismiss stands little chance of being granted because it ignores and mischaracterizes recent, on point decisions from

the Ninth Circuit. Further, a delay merely increases the risks that witnesses' memories will fade and that evidence will otherwise become stale.

This case needs to move past the pleadings. As such, and as set forth below, Plaintiff respectfully requests that the Court enter an Order opening discovery.

## III.   Argument

The Court should open discovery in this case. First, the Court should find that there is no stay in place. That is, although the Parties filed a Stipulation back on June 30, 2016, the Court never actually signed the Stipulation or entered it as an Order. (Dkt. 18.) As such, the Court should declare that no stay is in place.

Second, WinCo "must make a 'strong showing' for a protective order staying discovery to be issued and the Court must be 'convinced' that plaintiff will be unable to state a claim for relief." *Idaho Tr. Bank v. BancInsure, Inc.*, No. 1:12-CV-032-REB, 2012 WL 12905646, at *1 (D. Idaho July 9, 2012) ("Additionally, the Court notes the importance of having cases proceed in a timely manner without unnecessary delay.") (citing *Trzaska v. Int'l Game Tech.*, 2011 WL 1233928, at *3 (D. Nev. Mar. 29, 2011); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). WinCo cannot make such a showing here. Its Motion to Dismiss seeks summary judgment and is likely to fail. There is little basis for concluding that "plaintiff will be unable to state a claim for relief." Recent Ninth Circuit precedent, specifically *Gilberg v. California Check Cashing Stores, LLC*, shows definitively that extraneous information in a consumer report disclosure—as is present in WinCo's form—violats the FCRA. 913 F.3d 1169, 1175 (9th Cir. 2019) (explaining that "*Syed* 's holding and statutory analysis were not limited to liability waivers; *Syed* considered the

standalone requirement with regard to any surplusage.") As such, WinCo cannot meet its burden of showing a stay is necessary here due to Plaintiff's inability to state a claim.

Third, and notwithstanding the assertions of WinCo's counsel to the contrary, a continued delay here only serves to threaten Plaintiff's ability to gather evidence in support of class certification and her claims. This case has already been delayed for 3 years and it is an unfortunate fact of life that witnesses' memories fade over time. *See e.g. Roule v. Petraeus*, No. C 10-04632 LB, 2012 WL 2367873, at *5 (N.D. Cal. June 21, 2012) ("Roule makes the persuasive common-sense argument that memories fade and witnesses become unavailable over time. Given the glacial pace of the case so far, further delays likely would harm Roule.") One of the issues in the present case concerns whether WinCo knowingly or recklessly violated the FCRA. The witnesses who have such knowledge have never been identified and it is unclear if the persons who made the original decisions are still employed by WinCo.

As such, any further delay benefits WinCo at Mitchell's expense.

## IV.    Conclusion

The Court should enter an Order indicating that discovery is open in this case. The Court never signed the Stipulation filed in June 2016, WinCo hasn't shown a stay is needed given the supposed strength of its Motion to Dismiss, and continued delay simply makes the case harder to prosecute for the Plaintiff.

WHEREFORE, Plaintiff Mitchell respectfully requests that the Court enter an Order opening discovery, requiring the Parties to hold a Rule 26(f) conference, and for such additional relief as the Court deems necessary and just.

*          *          *          *          *

Respectfully Submitted,

Dated: March 14, 2019   **GLORIA MITCHELL**, individually,
         and on behalf of all others similarly situated,


         By:  /s/ Steven L. Woodrow

         Eric B. Swartz
         **JONES & SWARTZ PLLC**
         623 W. Hays Street
         Telephone: (208) 489-8989
         Facsimile: (208) 489-9888
         Email: eric@jonesandswartzlaw.com

         Steven L. Woodrow*
         swoodrow@woodrowpeluso.com
         Patrick H. Peluso*
         ppeluso@woodrowpeluso.com
         Woodrow & Peluso, LLC
         3900 East Mexico Ave., Suite 300
         Denver, Colorado 80210
         Tel: (720) 213-0675
         *Counsel for Plaintiff and the Putative Class*

         *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I am a resident of the State of Colorado, over the age of eighteen years old, and am not a party to this lawsuit. My business address is 3900 E. Mexico Avenue, Suite 300, Denver, Colorado 80210. I HEREBY CERTIFY that on the 14th day of March 2019, I filed the foregoing **MOTION FOR LEAVE TO CONDUCT DISCOVERY** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rick D. Roskelley, Attorney for Defendant WinCo Foods, LLC.

Mr. Roskelley's email address is rroskelley@littler.com.

I declare that the foregoing is true and correct.


/s/ Steven L. Woodrow