UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>            v.<br><br>WINCO FOODS, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 1:16-cv-00076-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The parties concede that in light of this Court's recent order, Plaintiff Gloria Mitchell's complaint no longer states a claim upon which relief may be granted. The Court will therefore grant Defendant WinCo Foods, LLC's Motion for Judgment on the Pleadings (Dkt. 65) and deny Plaintiff's motion to certify an interlocutory appeal (Dkt. 63).

**BACKGROUND**

Plaintiff Gloria Mitchell sued WinCo in 2016, alleging that WinCo violated the Fair Credit Reporting Act by failing to provide certain disclosures to job applicants and employees. The Court dismissed Mitchell's First Amended

Complaint after concluding that she failed to adequately allege "concrete injury,"
thereby denying this Court jurisdiction under Article III of the Constitution. Dkt.
28. Mitchell appealed, and the Ninth Circuit affirmed with respect to the Article III
inquiry but ordered the Court to give Mitchell an opportunity to amend her
complaint. Dkt. 42.

Mitchell then filed her Second Amended Complaint. Dkt. 46. Apparently
satisfied that the Second Amended Complaint adequately alleged standing, WinCo
responded with a motion to dismiss alleging other grounds why the complaint
should be dismissed under Rule 12(b)(6). Dkt. 49. In May 2019, this Court granted
in part and denied in part the motion. Dkt. 61.

In Mitchell's favor, the Court concluded that she had plausibly alleged
WinCo's disputed disclosure violated the FCRA because it combined two different
types of disclosures. That is, WinCo's disclosure simultaneously notified
applicants that WinCo would obtain both a consumer report and an investigative
report. Section 1681b(b)(2)(A)(i) of FCRA requires a standalone disclosure when
an employer is seeking a consumer report. *See id.* at 6 ("A disclosure that an
employer is seeking a consumer report must contain solely that information; it
cannot be intermingled with additional details, clearly written or not."). The Court
thus denied WinCo's motion to dismiss on this ground.

But, in Winco's favor, the Court concluded that Mitchell had failed to

plausibly allege Winco's disclosure was a *willful* violation of the FCRA. *Id.* at 10-14.

The parties now concede that once the Court entered its May 9, 2019 ruling, Mitchell's case was effectively over – at least at the district-court level. Here's why: Plaintiff alleged a single count for an alleged FCRA violation, and she sought two forms of relief: (1) monetary damages; and (2) a declaratory judgment that Winco's disclosure violates the FCRA. *See* Dkt. 46 at 15. To recover monetary damages under the FCRA, plaintiffs must plead either actual damages based on a negligent or willful violation, or statutory damages ranging from $100 to $1,000 for a willful violation. 15 U.S.C. §§ 1681o(a), 1681n(a); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). Here, plaintiff is not pursuing actual damages; she is pursuing statutory damages only based on an alleged willful violation. *See Safeco*, 551 U.S. at 53 (if a violation is negligent, the affected consumer is entitled to actual damages, but if the violation is willful, the consumer may have actual damages or statutory damages).

The upshot is that plaintiff's only remaining claim before this Court is one for declaratory relief under the FCRA. The problem is that declaratory relief is not available to private litigants under the FCRA. *See* 15 U.S.C. §§ 1681n, § 1681o, 1681s. The Ninth Circuit has not opined on this issue, but this Court concludes that when Congress limited the remedies for private rights of action under the FCRA to

damages and attorneys' fees, Congress demonstrated that it did not intend for private litigants to obtain injunctive or declaratory relief. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 269 (5th Cir. 2000)*; DeVries v. Experian Info. Solutions, Inc.,* No. 16-CV-02953-WHO, 2018 WL 1426602, at *3 n.2 (N.D. Cal. Mar. 22, 2018) (observing that district courts in the Ninth Circuit "are generally in accord with *Washington* in concluding that equitable relief is not available to private plaintiffs under the FCRA.").

Despite their agreement that plaintiff's case is over in this Court, the parties disagree on the procedural path forward. WinCo asks the Court to dismiss the case. Plaintiff says the more appropriate procedural move is to allow her to file an interlocutory appeal, thus keeping this case alive at the district-court level while she pursues an appeal.

## ANALYSIS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal

theory" or the "absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing

a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as

true and construe[d] . . . in the light most favorable to the non-moving party."

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Here, judgment on the pleadings is appropriate because plaintiff's sole

remaining remedy – declaratory relief under the FCRA – is unavailable to her. In

opposing WinCo's motion for judgment on the pleadings, Mitchell does not even

discuss the standards governing such a motion, much less argue that she continues

to have a live claim before this Court. Instead, she says only that rather than

dismissing this action, the Court should certify an interlocutory appeal. *See Motion*

*to Certify*, Dkt. 63.

The Court is not persuaded. The overriding point, which both parties

concede, is that the litigation is over. There is nothing to be gained by allowing this

case to linger on the docket while plaintiff pursues her appeal. The Court will

therefore grant WinCo's motion for judgment on the pleadings and deny plaintiff's

motion to certify an interlocutory appeal.

## ORDER

**IT IS ORDERED that:**

1.      Defendant's Motion for Judgment (Dkt. 65) is **GRANTED.** The

Court will enter judgment separately.

2.      Plaintiff's Motion to Certify Order (Dkt.  63) is **DENIED.**

DATED: August 21, 2019

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**